UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYANT'S TEAM SPORTS, INC., a
Florida corporation

        Plaintiff,

v.                                    Case No.:   2:18-cv-786-FtM-38MRM

MIZUNO USA, INC.,

        Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2), or in the Alternative, Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Doc. 60). Defendant filed a Response in Opposition (Doc. 62) and Declaration of Attorney John M. Bowler (Doc. 62-1) in support. For the reasons below, the Court denies dismissal and grants the alternative relief.

### BACKGROUND

Bryant's Team Sports, Inc. is an online reseller of sporting goods in marketplaces such as Amazon and Ebay. Bryant sold Mizuno products on its Amazon marketplace until Mizuno ceased allowing the sales in 2018. This lawsuit followed. Plaintiff originally filed this action in Florida state court on September 20, 2018, alleging breach of contract, tortious interference with a business relationship, and violations of Fla. Stat. § 671.203, §

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

501.201-213, and § 542.15 *et seq.* (Doc. 3 at 6-10). On November 28, 2018, the action was removed to this Court. (Doc. 1).

On March 4, 2020, Mizuno filed a Motion for Summary Judgment (Doc. 58), stating that Bryant's has taken no discovery (party or nonparty) in this case, serving no requests for production or interrogatories on Mizuno, and declining to take depositions of Mizuno or third parties. Mizuno, in contrast, states that it has propounded significant discovery and taken depositions, expending well over six figures in financial resources, including fees and costs, to defend this case. Discovery closed on February 4, 2020, and Bryant's did not move for an any extensions.

In response to the Motion for Summary Judgment, Bryant's filed an eleventh-hour request for dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). Although Bryant's argues that the Motion to Dismiss is brought in good faith, he states that the "Court probably wants to know why a Voluntary Dismissal is being sought" and proceeds to make certain admissions that are telling. *See* Doc. 60, ¶ 7. In sum, Bryant's simply failed to prosecute this case by the discovery deadline, and now faced with a potential adverse ruling on the merits, seeks dismissal without prejudice. Mizuno opposes the dismissal, arguing prejudice.

Bryant's does not dispute that it failed to conduct discovery, instead stating that "neither Bryant nor Mizuno initiated discovery prior to the closing of the pleadings."[2] (Doc. 60, ¶ 7). This is clearly untrue as Mizuno filed a lengthy Motion for Summary Judgment and supporting brief and declarations/supporting evidence setting out Mizuno's theory of the case and every legal and evidentiary gap in Bryant's claims. (Doc. 58).

---

[2] It is unclear when Bryant's believes that the pleadings closed. Bryant's seems to be referring to the close of discovery here.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1). If, as is the case here, the adverse party has served an answer, dismissal is available to a plaintiff only upon order of the court and upon such terms and conditions as the court deems appropriate. Fed. R. Civ. P. 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted). "[I]n most cases, a [voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original).

Here, the Court exercises its discretion and denies the request for dismissal. Mizuno has actively litigated the case since its inception in November 2018. Bryant's did not seek dismissal until after completion of all discovery and presentation of Mizuno's evidence in support of summary judgment. Bryant's has offered no reason for making its Motion so late in the proceedings, and indeed has offered no justification at all for the Motion. The Court finds no equities which favor Bryant's dismissal, and finds that dismissal at this stage of the proceedings would result in great prejudice to Mizuno. It is not simply the prospect of another suit that would prejudice Mizuno here. Mizuno has expended considerable resources in litigating this suit up to now. To dismiss at this stage,

when the summary judgment motion is already under consideration, would prejudice Mizuno.

Accordingly, it is now

**ORDERED:**

(1)  Plaintiff's Motion for Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2), or in the Alternative, Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Doc. 60) is **GRANTED IN PART AND DENIED IN PART**.

    a.  The request for dismissal under Fed. R. Civ. P. 41(a)(2) is **denied**.

    b.  The alternative relief is **granted**, and Plaintiff shall have until **April 6, 2020** to respond to Defendant's Motion for Summary Judgment (Doc. 58) or advise the Court of a settlement.

(2)  **If Plaintiff fails to respond the Court will consider the Motion for Summary Judgment without the benefit of a response**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of March, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record